UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARTAN CONSTRUCTION, LLC, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>NEW EQUIPMENT SERVICES CORPORATION d/b/a NES Rentals, NES RENTALS HOLDINGS, and UNITED RENTALS (NORTH AMERICA), INC.,<br><br>Defendants. | Case No. 17-cv-5950<br><br>Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

In this putative class action, Plaintiff Tartan Construction, LLC alleges that Defendants NES Rentals, NES Holdings, and United Rentals charged two "illegitimate" fees as part of their standard rental agreements for heavy equipment. [51] ¶ 3. Plaintiff claims that these fees unjustly enriched Defendants and violated the Illinois Consumer Fraud and Deceptive Trade Practices Act (ICFA). *Id*. In May 2018 this Court granted Defendants' motion to dismiss all claims. [48]. Plaintiff has since amended its complaint for the third time (TAC). [51]. Defendants have again moved to dismiss all claims, this time with prejudice [55]. For the reasons explained below, this Court grants Defendants' motion.

1

I.      **The Complaint's Allegations**

This Court incorporates by reference, and presumes familiarity with, its prior opinion addressing Defendants' motion to dismiss Plaintiff's complaint, [48], and thus only briefly revisits the facts from which both parties' claims arise.

Defendants rent heavy equipment to industrial construction customers through a standard rental agreement. [51] ¶ 23. Plaintiff is a construction company based in Florida that rented a backhoe from NES Rentals in January 2009. [51-2]. Specifically, Plaintiff alleges that it ordered the backhoe over the phone with an NES Rentals employee named Brian, who was located in NES' Pensacola, Florida office. [51] ¶ 62. After the call, NES presented Plaintiff with a proposed rental agreement, which it accepted by using the equipment. [51-1] § 2; [51-2].

Along with a rental fee, Defendants charge two other fees: (1) an "environmental fee"; and (2) a fee for a "limited damage waiver" (LDW). [51] ¶ 24. Defendants do not disclose to their customers how they calculate the two additional fees. *Id.* ¶ [27].

The rental agreement describes the environmental fee as follows:

> Customer acknowledges that it shall be charged a per item, per invoice environmental fee for the handling and disposal of waste oil and other fluids used in connection with the operation and/or cleaning of the Equipment.

*Id.* [51-1] § 18. Defendants charge a $10 per item environmental fee on every invoice regardless of how much equipment a customer rented, which type of equipment the customer rented, and whether Defendant disposed of any waste fluids [51]. Plaintiff always timely paid the environmental fee. *Id.* ¶ 38.

The rental agreement does not contain the LDW. *Id.* ¶ 39. Instead, it refers to the LDW as follows:

> Customer acknowledges that the Company's [LDW] policy was explained at the time of entering into this Agreement. A copy of the policy is available at all branches of the Company and is available upon request. Customer acknowledges that it is responsible for the Equipment and that any [LDW] entered into is not insurance.

[51-1] § 17. Plaintiff alleges that, contrary to section 17's representations, Defendants do not explain anything about the LDW to customers when entering into rental agreements and do not make copies of the LDW available because "no such 'policy' exists." [51] ¶ 40. Defendants charge 14% of total rental costs on each invoice for the LDW. *Id.* ¶ 41. Plaintiff timely paid the 14% LDW fee on any applicable invoices from Defendants. *Id.* ¶ 58.

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so Defendants have "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference" that the defendant committed the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Thus,

3

"threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

In evaluating a complaint, this Court accepts all well plead allegations as true and draws all reasonable inferences in Plaintiffs' favor. *Iqbal*, 556 U.S. at 678. This Court does not, however, accept legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). On a motion to dismiss, this Court may consider the complaint itself, documents attached to the complaint, documents central to the complaint and to which the complaint refers, and information properly subject to judicial notice. *Williamson*, 714 F.3d at 436.

## III. Analysis

Plaintiff's Third Amended Complaint (TAC) alleges claims for unjust enrichment as to the LDW (Count One), [51] ¶¶ 59–69, and violation of the ICFA as to the Environmental Fee and the LDW (Count Two), *id.* ¶¶ 70–89. Defendants first seek to dismiss Plaintiff's claims as time-barred under their respective statutes of limitations. [56] at 4–7. Defendants also make several arguments relating to the merits of Plaintiff's claims. *See* [56] at 1.

Also, as previously discussed in its May 2018 opinion, this Court honors the rental agreement's choice-of-law provision requiring that Illinois law govern any disputes arising under the agreement. *See* [48] at 4–5; [51-1] § 15.

4

### A. Statute of Limitations

The Court first considers Defendants' argument that Plaintiff's claims are time-barred.[1] Specifically, Defendants argue that Plaintiff's TAC should be dismissed in its entirety because the statutes of limitations on all claims expired before Plaintiff became a party to the suit in December 2017. [56] at 4.

Actions for damages under the ICFA are subject to a three-year statute of limitations. 815 ILCS 505/10a(e); *Gentleman v. Mass. Higher Educ. Assistance Corp.*, 272 F. Supp. 3d 1054, 1069 (N.D. Ill. 2017); *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, No. 12-cv-9686, 2013 WL 6632741, at *3 (N.D. Ill. Dec. 16, 2013). The statute of limitations for Plaintiff's unjust enrichment claim is five years. 735 ILCS 5/13-205; *Rush Univ. Med. Ctr. v. Draeger, Inc.*, No. 17-cv-6043, 2017 WL 5505021, at *2 (N.D. Ill. Nov. 16, 2017); *Citi Mortgage, Inc. v. Parille*, 49 N.E.3d 869, 883 (Ill. App. Ct. 2016).

Both limitations periods are subject to the discovery rule—that is, neither begins to run until plaintiffs know or reasonably should know that they have been injured and that their injuries were wrongfully caused. *Blankenship v. Pushpin Holdings, LLC*, 157 F. Supp. 3d 788 (N.D. Ill. 2016) (discovery rule applies to the ICFA's three-year statute of limitations); *CitiMortgage,* 49 N.E.3d at 883 (discovery rule applies to Illinois' five-year statute of limitations for unjust enrichment claims). Under the discovery rule, the limitations period "begins when the injury could have

---

[1] Tartan replaced State Mechanical Services, LLC as Plaintiff when Tartan filed its second amended complaint in December 2017. [39]. This Court did not address statute of limitations issues in its previous opinion [48] because Defendants did not raise them as to State Mechanical Services.

been discovered through the exercise of appropriate diligence, not discovery of the actual injury." *McWane, Inc. v. Crow Chicago Indus., Inc.*, 224 F.3d 582, 585 (7th Cir. 2000); *see also In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009) (The limitations period begins to run when "the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved"). While the discovery rule does not require a plaintiff to file suit immediately after learning of an injury, it does not "permit a plaintiff to sit on his or her rights until such time as the plaintiff knows that he or she has a cause of action." *Kremers v. Coca-Cola Co.*, 712 F. Supp. 2d 759, 764 (S.D. Ill. 2010).

### 1. Substance of Plaintiff's Arguments Addresses the Discovery Rule

Plaintiff appears to misstate its statutes of limitations arguments. In its response to Defendants' motion to dismiss, Plaintiff includes a header stating: "The Statute of Limitations Was *Tolled* for the ICFA and Unjust Enrichment Claims." [60] at 1 (emphasis added). But rather than discuss equitable tolling, the subsequent section goes on to argue that the discovery rule simply postponed the beginning of both limitations periods until November of 2017. [60] at 1–2; *see also* [51] ¶ 27.

In this same section, Plaintiff's contention that NES Rentals "intentionally concealed material facts from Plaintiff" also indicates that it is seeking to toll the statute of limitations based upon fraudulent concealment, [60] at 1; *see also* [51] ¶ 27, yet Plaintiff fails to allege any fraudulent concealment outside of this one statement. *See, e.g., Olszewski v. Quicken Loans Inc.*, No. 12-cv-3131, 2013 WL 317060, at *2

6

(N.D. Ill. Jan. 28, 2013) (dismissing a fraudulent concealment theory because Defendants failed to "allege any fraudulent concealment by Quicken outside of their conclusory statement that Quicken engaged in such concealment."). Moreover, fraudulent concealment "implies deliberate efforts by the defendant to prevent the plaintiff from suing within the applicable statute of limitation." *Id.* (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452 (7th Cir. 1990)). Plaintiff has not claimed that Defendants deliberately prevented Plaintiff from suing within the statute of limitations period; this alleged failure to disclose information about the two fees is no different from the alleged wrongdoing upon which Plaintiff bases its ICFA and unjust enrichment claims. *See, e.g.*, [51] ¶¶ 27, 64, 77 (incorporating identical factual allegations to support Counts One and Two, as well as what appears to be Plaintiff's fraudulent concealment claim).

Because the substance of Plaintiff's argument invokes the discovery rule rather than equitable tolling, and because Plaintiff has failed to properly plead tolling based upon fraudulent concealment, this Court analyzes Plaintiff's claims based upon the discovery rule.

**2. Discovery Rule Time-Bars Plaintiff's ICFA Claim**

Plaintiff, individually and on behalf of a proposed class, claims that Defendants violated the ICFA by deceiving customers as to the true nature of both the environmental fee and the LDW fee. [51] ¶¶ 70−89. In its TAC, Plaintiff states that it did not, and could not have, discovered its ICFA cause of action until "on or about November 2, 2017 through investigation and consultation with its attorneys." [51] ¶

7

27. It argues that it could not have discovered this cause of action until this date through due diligence, because NES Rentals "concealed material facts from Plaintiff regarding the environmental fee and LDW," and to the extent that NES Rentals did disclose information, it was "misleading." *Id.*; [60] at 1. Moreover, Plaintiff states that neither the disclosure of the fees' amount, nor the charging of both fees, put Plaintiff on notice that they were deceptive, not charged for the purposes indicated, or that the LDW "did not shift or modify liability under the Rental Agreement and provided no benefits." [60] at 1–2.

As to Plaintiff's claim that it could not have discovered the ICFA cause of action until 2017, Plaintiff's TAC contains insufficient factual support. By 2009, Plaintiff already knew that NES charged the fees now in dispute, as well as the amounts of those fees. [51-2]. Likewise, Plaintiff possessed the terms and conditions explaining the bases for the fees, and the fees were disclosed once again on the rental invoice that Plaintiff received when it returned the equipment. *id.*; [51-1]. Plaintiff's phone call with NES employee Brian, upon which Plaintiff bases both its unjust enrichment and ICFA claim, also took place in 2009. [51] ¶¶ 62, 64–65, 80, 82–83. In short, Plaintiff bases its claims upon documents it received, and conversations it had, at the time of the 2009 transaction. *See, e.g., Morrison v. Protective Life Ins. Co.*, No. 1:10-cv-7894, 2012 WL 4361295, at *4 (N.D. Ill. Sept. 21, 2012) (finding that the statute of limitations had expired where plaintiffs should have detected allegedly misleading contract language at the time of the transaction); *Tammerello v. Ameriquest Mortg. Co.*, 2006 WL 2860936, at *7 (N.D. Ill. Sept. 29, 2006) (finding an ICFA claim time-

8

barred because plaintiff "provided no adequate reason the date of accrual should be different from the date on which the loan agreement was signed, particularly where the crux of the complaint's terms . . . was easily ascertainable at that time").

Despite having this information in 2009, Plaintiff claims that it could not have known it was deceived or misled until November of 2017. [51] ¶ 27. But Plaintiff provides no factual support as to what led it to realize it was wrongfully injured at that time, other than that it "could not and did not discover" the facts it alleges "until on or about November 2, 2017 through investigation and consultation with its attorneys." [51] ¶ 27. This assertion remains problematic for several reasons.

First, Plaintiff does not dispute that it conducted no investigation and made no inquiries as to the fee between 2009 and 2017. Instead, it claims it "had no reason to believe the Fees were not what Defendant NES Rentals purported them to be," and regardless, any "inquiry regarding such Fees would have been futile as Defendant NES Rentals' employees would certainly not have disclosed to customers that the Fees were not what they purported to be." *Id.* ¶ 28.

This excuse for not conducting any sort of inquiry is purely speculative. Without any explanation as to why its alleged facts could not have been discovered before November 2017, the beginning of the limitations period cannot be postponed. *See M&S Indus. Co. v. Allahverdi,* No. 1-17-2028, 2018 WL 3997387, at \*7 (Ill. App. Ct. Aug. 9, 2018) ("While the time at which a party knows or should reasonably know of both an injury and that it was wrongfully caused" is usually a question for the fact finder, "where it is apparent from the undisputed facts that only one conclusion can

9

be drawn, the question becomes one of law for the court") (internal citations omitted); *see also Olszewski*, 2013 WL 317060, at *3 (granting a motion to dismiss because plaintiffs failed to "assert any facts supporting their conclusory contention that they could not discover their ICFA claim through the exercise of due diligence"); *Freeport Memorial Hosp. v. Lankton, Ziegele, and Terry & Assoc.*, 525 N.E.2d 194, 199 (Ill. App. Ct. 1988) (finding an allegation that plaintiff "did not know or have any reason to know of these defects which were caused by LZT's negligence until the defects were discovered on or about September 16, 1983, during an inspection" was insufficient to invoke the discovery rule without additional facts).

Second, because Plaintiff concedes that it made no investigation into Defendants' fees on its own, the only ostensible reason as to why it could not have discovered the information underlying its ICFA cause of action before 2017 is that it needed a "consultation with its attorneys." [51] ¶ 27. But the discovery rule does not permit plaintiffs to "wait comfortably until advised by a lawyer that he or she can sue." *Kremers v. Coca-Cola Co.*, 712 F. Supp. 2d at 764. Allowing otherwise would undermine one of the primary purposes behind statutes of limitations in the first place: "to encourage claimants to investigate and pursue causes of action in order to discourage delay." *Id.* (quoting *Langendorf v. City of Urbana*, N.E.2d 320, 326 (Ill. 2001)); *see also Freeport*, 525 N.E.2d at 199 ("The discovery doctrine is an exception to the general rule, and, as such, the plaintiff must bring himself within the intent of the rule"). Thus, without pleading sufficient facts to demonstrate why Plaintiff's cause of action could not have been discovered between 2009 and 2012, the discovery

rule cannot toll the three-year limitations period for Plaintiff's ICFA claim. This Court thus dismisses Count Two.

### 3. Discovery Rule Time-Bars Plaintiff's Unjust Enrichment Claim

Plaintiff, individually and on behalf of a proposed class, also claims that NES Rentals and United Rentals unjustly enriched themselves by collecting the LDW fee. [51] ¶¶ 59–69. But as this Court noted in its prior opinion, Plaintiff's unjust enrichment claim depends upon the same conduct that forms the basis of its ICFA claim: the misrepresentations that allegedly deceived Plaintiff as to the true nature of the fees and made it unjust for Defendants to retain the money they collected for those fees. *See* [48] at 13; *see also* [51] ¶¶ 59, 70 (incorporating identical factual allegations to support Counts One and Two); *compare* [51] ¶¶ 61–65 *and* [51] ¶¶ 78, 80–83, 84(a)–(o) (alleging the same LDW-related facts to support Counts One and Two). Because Plaintiff's unjust enrichment and ICFA claims depend upon the same conduct, the TAC similarly contains no factual support to justify postponing the beginning of the unjust enrichment limitations period until November 2017 under the discovery rule. Count One is thus also dismissed.

Because this Court finds that both counts of Plaintiff's TAC are dismissed with prejudice as time-barred, it need not consider Defendants' alternative arguments for dismissal.

11

## IV. Conclusion

In light of the record, including the availability of discovery, this Court's prior opinion and the previous opportunities to amend the complaint, this Court grants Defendants' motion to dismiss with prejudice [56]. All dates and deadlines are stricken. Civil case terminated.

Dated: September 24, 2018

                                      Entered:

                                      John Robert Blakey
                                      United States District Judge